# IN THE COURT OF APPEALS OF IOWA

No. 23-1244
Filed December 20, 2023

**IN THE INTEREST OF C.R.,**
**Minor Child,**

**K.R., Father,**
　　Appellant.

_____

Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Terzo R. Steves, Des Moines, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Sarah Dewein, Urbandale, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

The juvenile court terminated a father's parental rights to his child, born in 2017. The father appeals. He challenges one of the two statutory grounds for termination found by the juvenile court, claims the court failed to properly consider whether termination is in the child's best interests, contends the court did not consider if any permissive exceptions to termination were applicable, and requests additional time to work toward reunification.

We review orders terminating parental rights de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). We give weight to the juvenile court's findings of fact, especially regarding witness credibility, but we are not bound by them. *Id.* Our review follows a three-step process that involves determining if a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). Then we address any additional claims raised by the parent. *In re K.B.*, No. 22-1343, 2022 WL 17481399, at *1 (Iowa Ct. App. Dec. 7, 2022).

As to the statutory grounds, the juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(e) and (f) (2023). The father argues the State failed to establish grounds for termination under Iowa Code section 232.116(1)(h)—a ground not relied upon by the juvenile court. As the grounds for termination under paragraph (f) and (h) are very similar—both require the court to find the child could not be returned to the parent's custody at the time of the termination hearing and differ only with respect to age of the child at issue and the length of time the child must be removed from the parent's custody,

*compare* Iowa Code § 232.116(1)(f), *with id.* § 232.116(1)(h)—we assume the father's reference to paragraph (h) instead of (f) is a typographical error and that he is challenging the juvenile court's finding under paragraph (f).

Even with the assumption in the father's favor, his challenge to the statutory grounds for termination fails. Where the juvenile court finds multiple grounds for termination of parental rights have been satisfied, as here, we may affirm on any one of those grounds. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Because the father does not challenge the grounds for termination under section 232.116(1)(e), he has waived any claim of error under this ground. *See, e.g.*, *In re A.W.*, No. 23-1125, 2023 WL 6290680, at *1 (Iowa Ct. App. Sept. 27, 2023); *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020); *In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014). Therefore, a statutory ground for termination is satisfied under section 232.116(1)(e).[1]

We next move to the question of whether termination of the father's parental rights is in the child's best interests. When making a best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

---

[1] Although we need not address termination under paragraph (f), following our de novo review of the entire record, we note that all elements for termination under paragraph (f) are met here, as the child is four years of age or older, the child was adjudicated a child in need of assistance, the child has been removed from the physical custody of the father for over twelve consecutive months, and the child could not be returned to the custody of the father, who was in prison at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f).

Before getting into the details of the best-interests analysis, we start with some history. This family became involved with the Iowa Department of Health and Human Services thirteen months before the termination hearing, when the child was first removed from his mother's custody. Shortly thereafter, the juvenile court adjudicated the child to be a child in need of assistance. The mother died in an accident a few months later. As for the father, at the time of the termination hearing, he was in prison for the eighth time, and he had not seen the child in person in nearly three years. This is in part because of the father's incarceration for drug possession and burglary during the eighteen-month period before the termination hearing. His current discharge date is estimated to be ten months after the termination hearing, but evidence presented at the termination hearing establishes that he would not be able to take immediate custody of the child when he is discharged. He would first have to engage with all the services the department has requested of him.

With that background in mind, we turn to some of the finer details of the father's claim that terminating his parental rights is not in the child's best interests. Historically, the father has not taken necessary steps to spend time with the child. For example, when the father and the mother divorced in 2020, the father's visitation with the child was conditioned on the father's completion of a Children in the Middle class.[2] But there is no evidence he ever took the class. In addition, his

---

[2] Iowa Code section 598.15(1) requires parties to a dissolution-of-marriage action involving the issues of child custody or visitation to "participate in a court-approved course to educate and sensitize the parties to the needs of any child or party during and subsequent to the proceeding." "Children in the Middle" is one such court-approved course.

current contact with the child is limited to monthly phone or video visits supervised by his sister. Most concerning is that, by his own admission, the father struggles with substance abuse—including methamphetamine, which he started using daily in 2020. *See J.P.*, 2020 WL 110425, at *2 ("A parent's methamphetamine use, in itself, creates a dangerous environment for children.").

From these facts, we agree with the juvenile court that termination of the father's parental rights is in the child's best interests. We recognize that the father has had limited ability to engage with services or to demonstrate his ability to care for the child while incarcerated, but the father's incarceration and his behavior prior to that does not show that the child's interests would be best served by delaying termination. *See A.B.*, 815 N.W.2d at 778 (recognizing a parent's past performance may be indicative of the parent's future performance). The father cannot provide the child with his basic needs given the father's substance-abuse issues and unwillingness to take on the role of a parent. Conversely, the child is doing well in the care of his maternal grandparents. *See* Iowa Code § 232.116(2)(b) (listing "whether the child has become integrated into the foster family" as a factor to consider in determining whether termination of parental rights is in a child's best interests). The child's grandparents are also placement for his half-sibling, and the grandparents are willing to adopt both children. *See In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (considering the child's placement in a home with a half-sibling as a factor favoring the finding that termination of parental rights is in the child's best interests); *In re G.A.*, 826 N.W.2d 125, 131 (Iowa Ct. App. 2012) (noting a caretaker's willingness to adopt as a favorable consideration in assessing whether termination of parental rights is in the child's best interests).

Termination would allow the child to achieve permanency and stability. Based on these facts, we conclude termination of the father's parental rights is in the child's best interests.

As to the father's claim that the court failed to consider whether a permissive exception applied, the court's termination order shows otherwise. It states:

> The court has considered all possible exceptions regarding the termination of the parental rights of [the father] and has determined that clear and convincing evidence shows that termination of [his] parental rights is in the child's best interests and that no exceptions exist, or that any applicable exceptions do not outweigh the best interests of the child which require termination of the parent's parental rights so that permanency and stability can be provided to the child.

The father has also failed to identify what permissive exception he believes should have been applied and explain why it should be applied. So, to the extent he argues a permissive exception should have been applied, he has waived that argument. *See In re E.W.*, No. 22-0647, 2022 WL 2347196, at *2 (Iowa Ct. App. June 29, 2022) (finding an issue waived when the parent failed to develop a supporting argument). Further, even if the argument were not waived, it is the father's burden to prove a permissive exception applies. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021). Because the father fails to even identify which permissive exception he wants us to apply, he has not met his burden.

Finally, we consider the father's request for more time to work toward reunification. The court may grant a parent six additional months to work toward reunification in lieu of termination under certain circumstances. *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order pursuant to section 232.104 if it does not terminate parental rights); *see also id.*

§ 232.104(2)(b) (providing a permanency option of giving an additional six months to work toward reunification). Before the court may grant a parent additional time to work toward reunification, it must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *See id.* § 232.104(2)(b).

We understand the father seeks more time so that he has an opportunity to "demonstrate his ability to parent his son." But nothing in the record before us suggests that the father would be able to demonstrate an ability to parent within such a short period of time. As a preliminary matter, we note that the father's earliest expected discharge date from prison is ten months after the termination hearing, so the barriers to reunification cannot possibly be removed in six months. Additionally, even if we ignored the prison-release-date problem, the father does not identify how he would address the barriers to reunification during a six-month extension. Instead, he merely says he would be willing to follow the department's recommendations. Even if that is true, he would not be able to meaningfully address his substance-abuse issues within such a short period of time. As such, the juvenile court correctly denied the father's request for additional time to work toward reunification.

**AFFIRMED.**